UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CR209CDP(MLM) |
| TERESA OVSAK, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on defendant's Motion to Dismiss [Doc. 24 and 25][1] and defendant's Amended Motion to Dismiss as to Pertinent Dates on Time Line [Doc. 29]. The government opposes the Motion. [Doc. 27][2] Oral argument was heard on September 29, 2010. The Motions ask the court to dismiss the Indictment with Prejudice because the unnecessary delays in completing defendant's psychological evaluation violated 18 U.S.C. § 4247(b) and her rights to due process. Defendant does not claim a violation of the Speedy Trial Act's 70 day clock.

### FINDING OF FACT

On April 16, 2010 counsel for defendant filed a Motion for Psychiatric or Psychological Evaluation of defendant pursuant to 18 U.S.C. § 4241 and § 4242.

---

[1] Defendant apparently filed the Motion twice.

[2] The government's Response was filed in opposition to the original Motions to Dismiss. The amended Motion merely recalculates the delay in completing the evaluation. The change in the number of days does not affect the government's opposition.

(Doc. 11) On April 19, 2010 this court granted the Motion and ordered an in-custody examination. (Doc. 12)[3]

According to the Marshals Service on 5/4/10 they requested designation; on 5/7/10 they received designation to the Metropolitan Detention Center (MDC Los Angeles); on 5/25/10 defendant departed on route to MDC Los Angeles; on 5/27/10 defendant arrived at MDC Los Angeles. Further, on 7/29/10 defendant departed MDC Los Angeles and on 8/3/10 she arrived in the EDMo and was placed in the St. Genevieve County Jail where she is currently housed.

The court received a letter from Michael L. Benov, Warden of the MDC in Los Angeles dated 6/10/10 which stated:

> **In accordance with your Order dated April 19, 2010 Ms. Ovsak was committed to the Metropolitan Detention Center, Los Angeles, California on May 27, 2010 for a period of study to determine whether defendant is competent to stand trial, and whether defendant was insane at the time of the offense, pursuant to 18 U.S.C. §§ 4241 & 4242. Due to a high volume of forensic cases designated to the Metropolitan Detention Center, the study period would end on July 12, 2010. The evaluation will be sent on or before July 26, 2010.**

The court received a letter from Erwin Meinberg, Acting Warden of the MDC Los Angeles dated July 27, 2010 which stated:

> **In accordance with your court Order dated April 19, 2010, Ms. Ovsak was committed to the Metropolitan Detention Center, Los Angeles, California for a period of study to determine whether defendant is competent to stand trial, and whether the defendant was insane at the time of the offense, pursuant to 18 U.S.C. §§ 4241 & 4242. Due to unforeseen circumstances and a high volume of cases, the completion**

---

[3] On April 9, 2010 bond was set by the Honorable Frederick R. Buckles in the amount of $10,000 secured by cash or property. Defendant was unable to make bond.

of the report has been delayed. In revising report completion estimates, it is anticipated that the report on the above-captioned case will be completed by August 10, 2010.

Defendant alleges she was returned to St. Louis and was placed at the St. Genevieve County Jail on July 28, 2010. The Marshals Service records indicate that she departed MDC Los Angeles on 7/29/10 and arrived in the EDMo on 8/3/10.

The court received a letter from D. Shinn, Acting Warden of the MDC Los Angeles dated 8/27/10 which stated:

> In accordance with your court Order, dated April 19, 2010 a Psychological Evaluation of Ms. Ovsak, pursuant to 18 U.S.C. §§ 4241 and 4242 has been completed. . . . Enclosed is one copy of the evaluation regarding competency to stand trial and one copy of the addendum report regarding responsibility, reflecting the opinions.

The court received a single copy of the Psychological Evaluation; however, the original and copies for counsel did not arrive until approximately 9/8/10 and were sent to counsel for defendant and the government at that time.

A Competency Hearing was held on 9/10/10 at which defendant was found competent to proceed.

Defendant computes the time from 4/19/10 (the date of the court's Order) until 9/8/10 the date counsel received the Report as 142 days. As set out above, defendant's dates and the Marshals Service dates are not completely in synch and as will be discussed below, some of these days are excludable. A difference of a few days does not matter in the analysis, however, because no one disputes that there was a significant delay.

# **CONCLUSIONS OF LAW**

**1.    Speedy Trial Act**

As noted, defendant does not claim that the Speedy Trial Act (STA) was violated. Nevertheless, a brief discussion is necessary because it impacts defendant's other arguments.  As an initial matter, all of the time attributable to completing a psychiatric/psychological examination is excludable from the 70 days set forth in 18 U.S.C. 3161(c)(1).  United States v. McGhee, 532 F.3d 733 (8th Cir. 2008) (period of delay between the date the trial court ordered a mental competency evaluation and the date the evaluation report was completed was excludable from the STA; weekends and holidays were excluded from the 10 day period for transportation). 18 U.S.C. 3161(h) describes periods which are "excluded . . .in computing the time within which the trial of any such offense must commence: '(1) any period of delay resulting from other proceedings concerning the defendant, including but not limited to - - delay resulting from any proceeding, including any examinations to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A); "Delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(D); delay resulting from the transportation of the defendant from places of examination or hospitalization except any time consumed in excess of ten days shall be presumed unreasonable.  18 U.S.C. § 3161(h)(1)(F).

In the present case the court ordered the competency examination on 4/19/10; the Marshals requested designation on 5/4/10; designation was received on 5/7/10; defendant departed the EDMo on 5/25/10 and arrived at MDC Los Angeles on 5/27/10. Even if waiting to be transported in excess of 10 days is considered presumptively unreasonable, the presumption can be rebutted by the unavailability of a facility for the examination and the shortage of flights due to budgetary constraints. In addition, this time is excludable under the STA, whether reasonable or unreasonable, because it involves *proceedings* to determine mental competency. See McGhee, 532 F.3d at 737. See also an extensive examination of the STA by the Honorable Terry I. Adelman in United States v. Jeep, No. 4:09CR659CDP (Doc. 73) which R&R, to the extent relevant, is incorporated by reference as if fully set out herein.

**2.    18 U.S.C. § 4247(b)**

Defendant argues the Indictment should be dismissed because 18 U.S.C. § 4247(b) allows only 30 days for a psychological examination, plus perhaps an additional 15 days under § 4241 and 45 days plus perhaps an additional 30 days under § 4242. This argument fails because the 8th Circuit has specifically rejected this argument in United States v. DeGarmo, 450 F.3d 360 (8th Cir. 2006). The DeGarmo court stated:

> DeGarmo reasons that, because the statute governing the procedure for conducting psychological examinations, 18 U.S.C. § 4247(b), provides that, absent good cause, an examination should be completed within 30 days, the excludable delay attributable to DeGarmo's competency

> examination cannot exceed thirty days. Accordingly, DeGarmo concludes, because his competency examination took 56 days to complete, 26 of those days must be included in his STA calculation.
>
> Contrary to DeGarmo's arguments, the STA does not adopt either the "reasonable cause" standard set forth in § 4241(a) or the 30-day time limit set forth in § 4247(b). The STA instead provides that STA calculation must include "*[a]ny* period of delay . . . resulting from *any* proceeding, including *any* examinations to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1), (h)(1)(A) . . .
>
> We have previously refused to read the word "reasonable" into the STA where Congress declined to include it. Thus, in United States v. Long, 900 F.2d 1270, 1276-77 (8th Cir. 1990), we declined to limit the excluded time attributable to an interlocutory appeal to only a "reasonable" period. In Long, we relied on the Supreme Court's rejection of a similar argument in Henderson v. United States, 476 U.S. 321, 327, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). Refusing to read the word "reasonable" into § 3161(h)(1)(F) of the STA, the court in Henderson, reasoned that "Congress clearly knew how to limit an exclusion" to a "reasonable" period, but chose not to do so in § 3161(h)(1)(F). Id. Based upon our reasoning in Long and the Supreme Court's reasoning in Henderson as well as the plain language of the STA, we refuse to borrow a "reasonable" cause standard or a time limit from another statute and to read them into the STA. We further note that several other circuits have similarly concluded that importing into the STA the 30-day time limit from § 4247(b) would be improper. [FN.2] Accordingly, we hold that the delay attributable to DeGarmo's competency examination was properly excluded from his STA calculation.

DeGarmo, 450 F.3d at 363; citations in [FN2] omitted.

The instant Indictment should not be dismissed for a violation of 18 U.S.C. § 4247(b).

3.  **Due Process**

    "To show pre-indictment delay violated the Due Process Clause, a defendant must first show the delay actually and substantially

> prejudiced the defendant. If the defendant establishes actual, substantial prejudice, then the court balances the reasons for the delay against the prejudice shown."

U.S. v. Benshop, 138 F.3d 1229, 1232 (8th Cir. 1998) citing U. S. v. McDougal, 133 F.3d 1110, 1113 (8th Cir. 1998) (citing Bennett v. Lockhart, 39 F.3d 848, 851 (8th Cir. 1994), cert. denied, 514 U.S. 1018, (1995) and United States v. Bartlett, 794 F.2d 1285, 1289 (8th Cir.), cert. denied, 479 U.S. 934 (1986). If actual and substantial prejudice has been shown, the government may be required to show that the delay was for investigative purposes or some other legitimate reason. Benshop, 138 F.3d at 1232. "Absent a showing that the government acted intentionally to harass or gain a tactical advantage, no due process violate may be found." Id. at 1232-33. See also United States v. Marion, 404 U.S. 307, 324 (1971) (noting "the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.")

In this case, defendant argues she was prejudiced for personal, not case-related reasons.[4] The defendant has not met her burden to show that the prejudice resulted from unjustifiable delay as opposed to general consequences of being incarcerated. The court acknowledges that there were delays in completing

---

[4] Defendant says she was prejudiced because the delay caused her to lose a good employment offer, that she lost a permanent residence and that she was unable to keep in contact with her children, ages 15 and 16, and with a special needs adult child.

defendant's exam and in preparing the report. The judicial assistant of the undersigned called the MDC Los Angeles on 4 occasions and each time was promised the report. It did not arrive until 9/8/10. However, as noted above, "[a]bsent a showing that the government acted intentionally to harass or gain a tactical advantage, no due process violation may be found." Benshop, 138 F.3d at 1323-33.

The Indictment should not be dismissed on due process grounds.

## 4.  Dismissal

The court finds that 18 U.S.C. § 4247 does not provide grounds for dismissal. The court further finds that due process does not provide grounds for dismissal. Therefore, the court will recommend that the Indictment not be dismissed.

However, if the district court disagrees with this court's analysis and dismisses the case, the dismissal should be without prejudice. As the government noted in its Response, "the reasons for delay are resources." Doc. 27 at 3. According to the staff at the few BOP facilities that do mental evaluations, the demands for examinations have increased dramatically, with no new doctors or other mental health professionals, no new facilities in which to conduct the examinations, no increase in BOP personnel for designations and no increased budget for transporting prisoners. The prosecution has no control over this system.

If a dismissal with prejudice was for some misconduct or negligence on the part of the prosecutor, the message to the United States Attorneys' Office would be loud, clear and meaningful and actions could be taken to assure that such a situation

would not re-occur. Here, a dismissal with prejudice will not affect the doctors, mental health professionals and even the transportation service because they are without resources to remedy the situation. There has been no showing that the delay is due to negligence, inattention or improper motive by the prosecution.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motions to Dismiss and Amended Motion to Dismiss be **DENIED**. [Docs. 24, 25 and 29.]

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial is this case is set on **December 6, 2010** at **8:30 A.M.** by the Honorable Catherine D. Perry.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  13th  day of October, 2010.